IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAI D. INGRAM, | ) |
| Plaintiff, | ) Civil No. 22-42 |
| | ) Judge Marilyn J. Horan/ |
| v. | ) Magistrate Judge Patricia L. Dodge |
| B. RUDZIENSKI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Patricia L. Dodge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. On February 3, 2023, the Magistrate Judge issued a Report and Recommendation, ECF No. 34, recommending that Defendants' Motion to Dismiss, ECF No. 16, be denied as to Plaintiff Kai Ingram's single claim of retaliation against Defendant Allen Lynch, and granted as to all other claims. The Magistrate Judge further recommends that, other than potential claims that may be brought against Defendants Davis and Milliken, all claims to be dismissed, be dismissed with prejudice. The Magistrate Judge issued a second Report and Recommendation on February 3, 2023, in which she recommends that Mr. Ingram's Motion for Temporary Restraining Order be denied. ECF No. 35.

Objections were originally due by February 21, 2023. Mr. Ingram timely filed a Motion for Extension of Time to file Objections, which was granted, and the deadline was extended to March 16, 2023. ECF Nos. 37 & 38. No Objections were filed. After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following Order is entered:

AND NOW, this 27th day of March 2023,

IT IS ORDERED as follows:

I.  The Report and Recommendation, ECF No. 35, filed on February 3, 2023, recommending denial of Plaintiff's Motion for Temporary Restraining Order, is adopted as the Opinion of the Court.  Plaintiff Kai D. Ingram's Motion for Temporary Restraining Order, ECF No. 29, is DENIED.

II. The Report and Recommendation, ECF No. 34, filed on February 3, 2023, providing recommendations as to Defendants' Motion to Dismiss, is adopted as the Opinion of the Court. Defendants' Motion to Dismiss, ECF No. 16, is DENIED in part and GRANTED in part.

    A. The Motion is DENIED as to Mr. Ingram's retaliation claim against Defendant Allen Lynch.

    B. The Motion is Granted as to all remaining claims and Defendants as follows.

        1. All claims asserted against all Defendants in their official capacity are dismissed with prejudice.

        2. Plaintiff's claims based on the alleged issuance of a false misconduct, unfair disciplinary proceeding, and the rescission of Ingram's automatic reparole, asserted in his Complaint as First Amendment retaliation claims, Fourth Amendment claims, Eighth Amendment claims, and Fourteenth Amendment due process claims, and asserted against Defendants Lynch, Morris, LeMasters, Mackey, Rudzienski, Carpenter, and the PRC Defendants, Zaken, Moslak, Darr and Varner, are dismissed with prejudice to reassertion in this proceeding.[1]

---

[1] As explained in the Magistrate's Report, said claims are dismissed with prejudice in the present action, however, the dismissal is without prejudice to the extent that Plaintiff may assert such claims in a separate and subsequent civil action in the event Plaintiff obtains a favorable termination related to his disciplinary proceeding or a favorable termination related to the Board's decision to rescind his automatic reparole.  See Report, Feb. 3, 2023, at 11-15,

    **3.**  Plaintiff's First Amendment access-to-court claim asserted against Lynch is dismissed with prejudice.

    **4.**  Defendants Davis and Milliken are dismissed from this action because Ingram has failed to plead their personal involvement in the events that give rise to any of his claims. This dismissal is without prejudice.

    **5.**  Leave to amend the Complaint is granted only as to claims Mr. Ingram may wish to assert against Davis or Milliken. Alternatively, Plaintiff may proceed with this action on the remaining retaliation claim against Lynch, as asserted in the Complaint.

    **6.**  If Plaintiff chooses to file an amended complaint, said amended complaint is due by May 1, 2023. If no amended complaint is filed by May 1, 2023, Defendant Lynch shall file an Answer to the Complaint as provided by the Federal Rules of Civil Procedure.

**III.**  This matter is returned to the Magistrate Judge for further proceedings.

                          s/*Marilyn J. Horan*
                          Marilyn J. Horan
                          United States District Judge

cc:  Kai D. Ingram, pro se
    HC8003
    SCI-GREENE
    169 PROGRESS DRIVE
    WAYNESBURG, PA 15370

---

20. ("since neither the result of Ingram's disciplinary proceeding nor the Board's subsequent decision to rescind his reparole has been previously terminated in Ingram's favor, his due process, Eighth Amendment and retaliation claims related to the misconduct and the Board's decision to rescind his reparole are barred by" *Heck v. Humphrey*, 512 U.S. 477 (1994)).