IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAI D. INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 22-42 |
| | ) | Judge Marilyn J. Horan/ |
| v. | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| B. RUDZIENSKI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

This case has been referred to United States Magistrate Judge Patricia L. Dodge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. On February 3, 2023, the Magistrate Judge issued a Report and Recommendation, ECF No. 34, recommending that Defendants' Motion to Dismiss, ECF No. 16, be denied as to Plaintiff Kai Ingram's single claim of retaliation against Defendant Allen Lynch, and granted as to all other claims. The Magistrate Judge further recommended that, other than potential claims that may be brought against Defendants Davis and Milliken, all other claims are to be dismissed with prejudice.

On March 27, 2023, the Court entered a Memorandum Order, adopting the Magistrate Judge's Report and Recommendation and noting that Mr. Ingram had not filed Objections. ECF No. 39. The Court also adopted the Magistrate Judge's Report and Recommendation, ECF No. 35, and denied Mr. Ingram's Motion for Temporary Restraining Order. ECF No. 39. On April 4, 2023, the Court learned that Mr. Ingram's Objections were timely postmarked on March 16, 2023, but they did not arrive at the Clerk of Court's office until April 4, 2023. Mr. Ingram's Objections concern the Report and Recommendation on the Motion to Dismiss, but he does not

object to the Report and Recommendation on the Motion for Temporary Restriping Order.  The Court ordered Defendants to file a Response to the Objections, after which the Court would reconsider its March 27, 2023 Memorandum Order.  The Defendants filed their Response to the Objections on April 19, 2023.  ECF No. 44.  Following consideration of Mr. Ingram's Objections and the Defendants' Response thereto, the Court will now make a de novo determination of those portions of the report to which objection was made.  28 U.S.C. § 636(b)(1).  Since there were no Objections filed as to the Report and Recommendation for denial of the Motion for Temporary Restraining Order, the Court's March 27, 2023 decision, ECF No. 39, adopting said Report and Recommendation, is not being reconsidered.

I.     **Objections**

    A.     **Retaliation Claim**

Mr. Ingram argues that the Magistrate Judge erred in recommending dismissal of his retaliation claim against Defendants Morris, Mackey, and LeMasters.  Mr. Ingram alleges that the Defendant officers, Lynch, Morris, Mackey, and LeMasters, retaliated against him, when they falsely charged him with disciplinary infractions because he had filed a (separate) federal lawsuit.  Mr. Ingram argues that the alleged false disciplinary infractions led to an alleged unfair disciplinary proceeding, wherein the infractions were upheld.  According to Mr. Ingram, the Parole Board rescinded his automatic reparole date based solely upon the alleged false disciplinary infractions.

    The Court agrees with the Magistrate Judge's conclusion that the retaliation claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  The Magistrate Judge provided an extensive explanation of the Supreme Court case law

concerning *Heck*.  ECF No. 34, at 12-15.  Under *Heck*, if a favorable judgment on Mr. Ingram's retaliation claim would "necessarily imply the invalidity" of his disciplinary punishment, his conviction, his sentence, or the duration of his confinement, the claim must be dismissed.  *Heck*, 512 U.S. at 486-87; *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending *Heck* to prison disciplinary sanctions).  Although the retaliation claim is aimed at allegedly false disciplinary charges, said charges were affirmed in a disciplinary proceeding, which, according to Mr. Ingram, was the sole reason the Parole Board rescinded his reparole date.  Therefore, if Mr. Ingram were successful on his retaliation claim concerning the disciplinary charges, it would necessarily imply that the disciplinary proceeding, upholding the charges, was invalid.  Such would necessarily imply the invalidity of the Parole Board's decision to rescind Mr. Ingram's reparole date.  Therefore, Mr. Ingram's retaliation claim must be dismissed pursuant to *Heck* and its progeny.  Mr. Ingram's Objection is overruled.

### B.      First Amendment Denial of Access to Court

Mr. Ingram objects to the recommendation for dismissal of his access to court claim against Defendant Lynch.  Mr. Ingram does not identify any error in the Magistrate Judge's Report; instead, he reasserts the argument he made in response to the Motion to Dismiss.  Mr. Ingram asserts that Lynch violated his right to access the court by depriving Mr. Ingram of the documents he needed to litigate his case at Civil Action No. 2:21-cv-359.  Said Civil Action was dismissed at the motion to dismiss stage, where a plaintiff may plead a claim without presenting documents.  In that Civil Action, Mr. Ingram simply failed to allege facts sufficient to state a claim.  The absence of documents, therefore, was not dispositive to the dismissal of that case.  Mr. Ingram "cannot claim he was barred from pursing a nonfrivolous, arguable claim" because

he lacked the documents, since his claim would have been dismissed regardless. *Henry v. Moore*, 500 F. App'x 115, 117 (3d Cir. 2012). The Court finds no error with the Magistrate Judge's Report and Recommendation. As such, Mr. Ingram's Objection is overruled.

### C. B. Rudzienski

Mr. Ingram objects to the dismissal of claims against B. Rudzienski. B. Rudzienski is the SCI-Greene Hearing Examiner who determined that Mr. Ingram was guilty of having committed disciplinary misconducts. Mr. Ingram alleges that said disciplinary charges formed the basis for the Parole Board's decision to rescind Mr. Ingram's reparole date. Mr. Ingram alleges that B. Rudzienski declined Mr. Ingram's request that he/she view videotape evidence before rendering his/her decision. As such, Mr. Ingram asserts that B. Rudzienski denied him due process at his disciplinary hearing, which violated his rights under the Fourteenth Amendment. The Magistrate Judge recommends dismissal of claims against B. Rudzienski, finding said claims barred by *Heck*. As discussed above, the Magistrate Judge reasoned that if Mr. Ingram were to prevail on his claim that his disciplinary proceeding was unlawful and unconstitutional, it would necessarily imply that the rescission of Mr. Ingram's reparole date was invalid. Pursuant to Heck and its progeny, Mr. Ingram's Fourteenth Amendment claim against B. Rudzienski must be dismissed. Mr. Ingram's Objection is overruled.

### D. Defendants Guyton, Zaken, Moslak, Sibauda, and Soikerum

Mr. Ingram objects to the dismissal of the above-named Defendants. He argues that each has shown personal involvement in the complained-of conduct because of their knowledge, acquiescence, and deliberate indifference. The arguments presented by Mr. Ingram are

essentially the same arguments he presented before the Magistrate Judge. The Court finds no error with the dismissal of the above-named Defendants. Mr. Ingram's Objection is overruled.

      E.      **Defendants C/O Davis and C/O Milliken**

Mr. Ingram objects to the dismissal of claims against Davis and Milliken. The Magistrate Judge noted that any purported claim against Davis and Milliken could not be sustained, because Mr. Ingram did not mention either Defendant in the body of the Complaint. Therefore, the Magistrate Judge recommends Defendants Davis and Milliken be dismissed, without prejudice, because Mr. Ingram has failed to plead their personal involvement in the events that give rise to any of his claims. Mr. Ingram's Objections state the exact same argument that was presented to the Magistrate Judge. Mr. Ingram asks the Court to permit him to amend his Complaint to include the information that he provided in his response to the Motion to Dismiss. As the Magistrate Judge correctly explained, a "'pleading may not be amended by a brief in opposition to a motion to dismiss.'" ECF No. 34, at 19 (quoting *Bracken v. County of Allegheny*, No. 2:16-cv-171, 2017 WL 5593451, at *2 (W.D. Pa. Nov. 21, 2017)). Therefore, Mr. Ingram's Objection is overruled.

      F.      **Constitutional Claims against Darr, Zaken, Varner, and Carpenter**

Mr. Ingram objects to the dismissal of his Fourth and Fourteenth Amendment claims asserted against the above-named Defendants. He argues that, because the Magistrate Judge found that Mr. Ingram had established a liberty interest in his reparole date of August 3, 2021, the claims should not be dismissed. In discussing whether Mr. Ingram had a liberty interest in his reparole date, the Magistrate Judge merely stated that she would, "accept Ingram's assertions

[of a liberty interest] for the purposes of deciding Defendants' motion to dismiss." ECF No. 34, at 8 n. 7. Such language, used by the Magistrate Judge in her Report and Recommendation, is not a ruling or finding of any liberty interest in a reparole date, either in fact or at law. Mr. Ingram's Objection is overruled.

### G.   Final "Objection"

Mr. Ingram's final "Objection" is a request that "any ruling concerning this claim be stayed or held in abeyance." ECF No. 42, at 18. Mr. Ingram states that he has simultaneously filed a section "2254 Petition along with this objection." *Id.* Objections to a Report and Recommendation is not the proper avenue for requesting a stay or abeyance. Moreover, Mr. Ingram has provided no sufficient basis to explain why a stay is necessary. His objection is denied, without prejudice.

## II.   Conclusion

The Court overrules each of Mr. Ingram's Objections. The Court accepts the Report and Recommendation as to the Magistrate Judge's disposition of each of Mr. Ingram's claims. The Court also accepts the Magistrate Judge's legal analysis, as supplemented herein. The Defendants' Motion to Dismiss will be denied as to Mr. Ingram's retaliation claim against Defendant Lynch and granted in all other respects.

Accordingly, the following Order is hereby entered.

**ORDER**

AND NOW, this 17th day of May 2023, IT IS ORDERED as follows:

**I.** The District Court's March 27, 2023 Memorandum Order, adopting the Magistrate Judge's Report and Recommendation, ECF No. 34, as to Defendants' Motion to Dismiss is hereby vacated in favor of the within Memorandum Opinion and Order.

**II.** The Report and Recommendation, ECF No. 34, filed on February 3, 2023, providing recommendations as to Defendants' Motion to Dismiss, as supplemented by this Memorandum Opinion addressing Plaintiff's Objections, is adopted as the Opinion of this Court.

**III.** Defendants' Motion to Dismiss, ECF No. 16, is DENIED in part and GRANTED in part.

    **A.** The Motion is Denied as to Mr. Ingram's retaliation claim against individual Defendant Allen Lynch.

    **B.** The Motion is Granted as to all remaining claims and Defendants as follows:

        **1.** All claims asserted against all Defendants in their official capacity are dismissed, with prejudice.

        **2.** Plaintiff's claims, as asserted in his Complaint as First Amendment retaliation claims and Fourth Amendment, Eighth Amendment, and Fourteenth Amendment due process claims, based upon the alleged issuance of a false misconduct, an unfair disciplinary proceeding, and the rescission of Mr. Ingram's automatic reparole, are dismissed, with prejudice.

        **3.** Plaintiff's First Amendment access-to-court claim, asserted against Lynch, is dismissed, with prejudice.

    **4.**    Defendants Davis and Milliken are dismissed from this action, without prejudice.

    **5.**    Leave to amend the Complaint is granted, but only as to claims Mr. Ingram may successfully plead against Davis or Milliken.

    **6.**    Plaintiff is granted leave to file an amended complaint on or before July 3, 2023. If no amended complaint is filed by July 3, 2023, Defendant Lynch shall file an Answer to the remaining retaliation claim against Lynch.

This matter is returned to the Magistrate Judge for further proceedings.

        s/*Marilyn J. Horan*
        Marilyn J. Horan
        United States District Judge

cc:    Kai D. Ingram, pro se
        HC8003
        SCI-GREENE
        169 PROGRESS DRIVE
        WAYNESBURG, PA 15370