IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAI D. INGRAM, | ) |
| | ) |
| Plaintiff, | )  Civil No. 22-42 |
| | )   Judge Marilyn J. Horan/ |
| v. | )  Magistrate Judge Patricia L. Dodge |
| | ) |
| B. RUDZIENSKI, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Presently before the Court is Kai D. Ingram's "Objection to the Magistrate Judge's Denial of His Motion to Compel," ECF No. 72. Specifically, Mr. Ingram objects to the Magistrate Judge's ruling that states as follows:

> Plaintiff's motion is denied. While Plaintiff had raised claims in this action regarding [the April 2021] disciplinary hearing, all such claims were dismissed with prejudice. Therefore, the whereabouts of these recordings is not relevant to the remaining claims in this case.

Text Order, Nov. 9. 2023, ECF No. 71. Although Plaintiff styled his pleading as an "Objection" to the Magistrate Judge's Order, the ruling by the Magistrate Judge is a non-dispositive ruling. The Magistrate Judge's ruling denies Plaintiff's motion to compel discovery materials. The Magistrate Judge's order does not address the merits of Plaintiff's claims. As such, the Court deems the Magistrate Judg''s Order on Plaintiff's discovery motion as non-dispositive. Therefore, the Court will treat Plaintiff's Objection as an Appeal of the Magistrate Judge's Order.

The standard of review of a non-dispositive matter is whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A), accord Fed. R. Civ. P. 72(a) (referring to "a pretrial matter not dispositive of a party's claim or defense"). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that

discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998). A "magistrate judge's discovery ruling 'is entitled to great deference and is reversible only for abuse of discretion.'" *Doe v. Schuylkill Cnty. Courthouse*, 343 F.R.D. 289, 293 (M.D. Pa. 2023) (quoting *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996)).

    Mr. Ingram argues that the recordings in question are relevant to his retaliation claim against Defendant Allen Lynch. He explains that the recordings would show that the facts alleged in the misconduct filed against him were false. Once he established such false actions, Mr. Ingram argues that such evidence would "give credence to the fact that Defendant Lynch lied and in fact retaliated against the Plaintiff by way of the fraudulent grievance." ECF No. 72, at 2. Defendants' Response to Mr. Ingram's Objection, in addition to agreeing with the Magistrate Judge's ruling, points out that the Defendants have already informed Plaintiff and the Court that there are no video recordings of Mr. Ingram's disciplinary hearing. ECF No. 75, at ¶¶ 21-23.

    The Court will not disturb the Magistrate Judge's ruling resolving Mr. Ingram's Motion to Compel. Initially, it appears that the evidence he seeks, a video recording of his disciplinary hearing, does not exist, which would render his request moot. Even if the video recording did exist, the Court agrees with the Magistrate Judge's denial of the Motion to Compel based on the fact the video recordings are not relevant to any claims in the case. To be more specific, Mr. Ingram had filed a claim against Defendant Lynch for allegedly filing a retaliatory false misconduct against him. A disciplinary hearing was held before Defendant Rudzienski, who found that Mr. Ingram committed the offenses of using abusive language and of engaging in threatening behavior. Mr. Ingram sought to compel production of a recording of his discplinary hearing. However, Mr. Ingram's retaliatory false misconduct claim against Defendant Lynch

was subsequently dismissed. Therefore, there is no retaliation claim against Defendant Lynch for filing a false misconduct, and no need for a recording of the hearing addressing the misconduct.

For the reasons stated above, the Magistrate Judge's Order on Mr. Ingram's Motion to Compel is not an abuse of discretion, clearly erroneous, or contrary to law.

And NOW, this 12th day of December 2023, it is ORDERED that Kai D. Ingram's "Objection to the Magistrate Judge's Denial of His Motion to Compel," ECF No. 72, treated as an Appeal, is DENIED.

                                         s/*Marilyn J. Horan*
                                         Marilyn J. Horan
                                         United States District Judge

cc:    Kai D. Ingram, pro se
        HC8003
        SCI-GREENE
        169 PROGRESS DRIVE
        WAYNESBURG, PA 15370