IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAI D. INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 22-42 |
| | ) | Judge Marilyn J. Horan/ |
| v. | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| ALLEN LYNCH, S. DAVIS, and MILLIKEN, | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

On June 27, 2024, the Magistrate Judge issued a Report and Recommendation, recommending that Defendants Allen Lynch, S. Davis, and Milliken's Motion for Summary Judgment be granted. ECF No. 103. Objections were initially due by July 15, 2024. Upon Motion of Plaintiff, Kai D. Ingram the deadline was extended twice, with a final due date of August 16, 2024. *See* ECF Nos. 104 & 105 and ECF Nos. 107 & 108. Mr. Ingram did not file Objections by the deadline. Fourteen days after the deadline for Objections had passed, this Court entered a Memorandum Order adopting the Report and Recommendation and dismissing this action. Mem. Order, Aug. 30, 2024, ECF No. 110.

### I. Plaintiff's Post-Dismissal Pleadings

Sometime after Mr. Ingram received the Court's Order dismissing the case, he filed three documents: a "Response/Objection to the District Judge's Memorandum Order of Dismissal" ECF No. 114, "Objections to the Magistrate's Report and Recommendation Granting the Defendant's Summary Judgment" ECF No. 112, and copies of his Inmate Monthly Account Statement for July and August 2024, ECF No. 114 (under seal). Each of the pleadings was

postmarked September 12, 2024, and each arrived in the Clerk's Office for filing on September 16, 2024.

Mr. Ingram now requests that the Court rescind its Order dismissing the case and reconsider his Objections to the Report. Even though Mr. Ingram's original Objections were not received in the Clerk's Office by the deadline, he argues that he timely deposited his Objections in the prison mail system on August 14, 2024. ECF No. 113, at ¶ 3. He further explains that the Objections were mailed through the United States Postal Service, via certified mail, return receipt requested. *Id.* Mr. Ingram provides the USPS tracking number for his August 14, 2024 mailing, along with his inmate Monthly Account Statement showing a debit of $11.64 for postage to Pittsburgh, PA on August 14, 2024. *Id.* & ECF No. 114, at 1. The same tracking number also appears on the upper right-hand corner of the copy of Objections Mr. Ingram mailed on September 12, 2024. As of the date of this Opinion, however, Mr. Ingram's original Objections, purportedly mailed from the prison on August 14, 2024, have still not arrived at the Clerk's Office.[1]

The Court declines to rescind its August 30, 2024 Order and refuses to treat Mr. Ingram's copy of his Objections as timely filed. This is because the Court does not possess Mr. Ingram's actual Objections, allegedly timely-filed within the prison mail system. The Court has received only a purported copy of said Objections, mailed after the filing deadline had passed. Accordingly, the Court will treat Mr. Ingram's "Response/Objection to the Memorandum Order

---

[1] This is not the first pleading mailed by Mr. Ingram that has taken an excessive amount of time to arrive at the Clerk's Office. In the present case, the Court vacated an Order adopting an earlier Magistrate Judge Report and Recommendation, when it was discovered that Mr. Ingram's Objections were timely postmarked but had not arrived at the Clerk Office for nineteen days.
  In a separate action, Civil Action No. 22-1665, Mr. Ingram had missed the deadline to file an amended complaint, and therefore the case was dismissed. Fourteen days after dismissal, the Court received Plaintiff's Amended Complaint. Following an investigation, the Clerk of Court concluded that Plaintiff had in fact timely deposited his Amended Complaint within the prison's mail system, even though it took thirty-three days from mailing to arrive at the Courthouse. That case was reopened and proceeded based on the newly filed Amended Complaint.

2

of Dismissal" and his copy of Objections, as a Motion for Reconsideration of the Court's Memorandum Order dismissing the case.

### II. Discussion

The Magistrate Judge's June 27, 2024 Report recommended that Mr. Ingram's First Amendment Retaliation claim, asserted against Defendant Lynch, be dismissed for failure to exhaust administrative remedies. The Report also recommended that Mr. Ingram's First Amendment Retaliation claim, asserted against Defendants Davis and Milliken, be dismissed, because Mr. Ingram was unable to state a retaliation claim and there were no genuine issues of material fact.

The Court has reviewed Mr. Ingram's Objections to determine whether he has stated a sufficient reason for reconsideration of this Court's adoption of the Magistrate Judge's Report. A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). Here, the request for reconsideration is grounded upon the dismissal of Mr. Ingram's case without this Court having considered his alleged timely Objections.

Mr. Ingram's Objections, submitted with his Motion, contain more than Objections to the Report; Mr. Ingram also presents lengthy sections wherein he addresses facts, both relevant and irrelevant, to the substance of the Magistrate Judge's Report. Mr. Ingram acknowledges that he is raising matters outside the Report, in that he explains that he is intent on presenting the record and facts of his case for appeal and/or other purposes. The Court will not address such matters when considering whether reconsideration is appropriate. Mr. Ingram also presents arguments in

opposition to Defendants' Motion for Summary Judgment rather than objections aimed at the Report. In that regard, the Court will review only actual objections to the Magistrate Judge's Report.

Mr. Ingram objects to dismissal of his claims for failure to exhaust administrative remedies, arguing that the Magistrate Judge erred, by ignoring the fact that Mr. Ingram's Complaint had already passed the screening process of the Prison Litigation Reform Act (PLRA). The PLRA requires exhaustion, before a suit may be brought.[2] A review of a complaint under the PLRA is necessarily limited, since it is performed before defendants have answered the complaint and before any discovery has been conducted. A complaint that, on its face, appears to have initially satisfied the PLRA screening function, is not forever immune from a challenge that the plaintiff has failed to exhaust administrative remedies. *Ross v. Blake*, 578 U.S. 632 (2016) (addressing ruling on motion for summary judgment arguing that inmate failed to exhaust administrative remedies); *Talley v. Clark*, 111 F.4th 255, 264 (3d Cir. 2024) (where failure to exhaust is apparent from the face of the complaint, dismissal of complaint is proper, either sua sponte under the PLRA or by granting a defense motion to dismiss; a failure to exhaust affirmative defense may also be raised by way of a motion for summary judgment). A failure to exhaust defense can depend upon documents that are not always available when the complaint is initially reviewed. Thus, this Objection does not support reconsideration.

Mr. Ingram also argues that he was prejudiced in preparing a response to Defendants' exhaustion argument, because Defendants failed to timely raise "failure to exhaust administrative remedies" as a defense and because they failed to raise the defense in their motion to dismiss.

---

[2] In relevant part, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

4

The defendants, however, did raise the defense of failure to exhaust administrative remedies in their Answer.  ECF No. 53, at p. 5, Thirteenth Affirmative Defense.  And, as noted by the above case citations, a defendant may raise a failure to exhaust argument in a motion to dismiss or a motion for summary judgment.  Thus, this Objection does not support reconsideration.

Next, Mr. Ingram objects to the Magistrate Judge's recommendation to dismiss the retaliation claim against Davis and Milliken.  The Magistrate Judge found that there was no evidence to support Mr. Ingram's claim, that Davis and Milliken's issuance of the misconduct against him was retaliatory in nature.  The Magistrate Judge concluded that, "there are no genuine issues of material fact that could support Ingram's claim that Davis and/or Milliken acted with retaliatory intent in issuing the misconduct rather than [acting] within the broad discretion afforded them to discipline an inmate for his violations of prison policy."  ECF No. 103, at 15-16.  Following this Court's review of the evidence, the Court finds no error with the Magistrate Judge's review of the evidence, or with her reasoning or her conclusion.  Accordingly, Mr. Ingram's objection does not support reconsideration.

A thorough review of the Objections does not support reconsideration of the Court's Order.  As stated previously, Mr. Ingram presents arguments, as though he was still filing an opposition brief to the Defendants' Motion for Summary Judgment, rather than objecting to the substance of the Report, which is what is required at this stage.  Having reviewed Mr. Ingram's September 16, 2024 filings, the Court concludes that Mr. Ingram has not met the standard for reconsideration of the Court's Memorandum Order adopting the Report and Recommendation and dismissing this action.  Finally, had the Objections been timely filed, and having thoroughly reviewed the substance of his relevant objections in light of the record in this case, this Court would still have adopted the Report and Recommendation and dismissed this action.

Accordingly, the following Order is hereby entered.

## **ORDER**

AND NOW, this 28th day of October 2024, IT IS ORDERED as follows:

After review of Mr. Ingram's "Response/Objection to the District Judge's Memorandum Order of Dismissal," his Objections, the relevant pleadings and documents in the case, together with the Report and Recommendation, Plaintiff Kai Ingram's Request for Reconsideration of the Court's Memorandum Order is DENIED.

         s/*Marilyn J. Horan*
        Marilyn J. Horan
        United States District Judge

Kai D. Ingram, pro se
HC8003
SCI-GREENE
169 PROGRESS DRIVE
WAYNESBURG, PA 15370